IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL HENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-486-SLR |
| | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| ATTORNEY GENERAL CARL | ) |
| DANBERG, DEPUTY ATTORNEY | ) |
| GENERAL DONALD R. ROBERTS, | ) |
| CHIEF DEPUTY ANGELO FALASCA, | ) |
| and LLOYD A. SCHMID, JR., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 18th day of November, 2008, having screened the case pursuant

to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous and for failure to

state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and §

1915A, for the reasons that follow:

1. **Background**. Plaintiff Michael Henry ("plaintiff"), an inmate at the Howard R.

Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C.

§ 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. §

1915 provides for dismissal under certain circumstances. When a prisoner seeks

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for

screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in

2

the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion**. Plaintiff filed this action against Delaware Governor Ruth Ann Minner ("Minner"), former Delaware Attorney General Carl Danberg ("Danberg"), Delaware Deputy Attorney General Donald R. Roberts ("Roberts"), Chief Deputy Public Defender Angelo Falasca ("Falasca"), and assistant public defender Lloyd A. Schmid, Jr. ("Schmid"). Plaintiff alleges that on December 26, 2006, he made a statement on "some alleged charges," was transported to the Delaware Correctional Center,[1] and appeared at a preliminary hearing. Plaintiff alleges that his December 26, 2006 statement is

---

[1]Recently renamed as the James T. Vaughn Correctional Center.

3

"wrong in some ways."   Public defender Schmid was appointed to represent plaintiff.
Plaintiff alleges that Schmid did not inform him there was a co-defendant, and he did not
find this out until five months later when Schmid told him he could no longer represent
him.  Plaintiff alleges that Schmid offered him three pleas during those five months.
Plaintiff asks for $1,000 for each day of his incarceration.

6. **Personal Involvement/Respondeat Superior**.  Plaintiff names as defendants
Minner, Danberg, Roberts, and Falasca, but there are no allegations directed towards
these defendants.  A civil rights complaint must state the conduct, time, place, and
persons responsible for the alleged civil rights violations.  *Evancho v. Fisher*, 423 F.3d
347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d
Cir. 1980);  *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)).
Additionally, when bringing a § 1983 claim,  a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

7. It may well be that plaintiff named these individuals as defendants based upon
their supervisory positions.  However, as is well established, supervisory liability cannot
be imposed under § 1983 on a respondeat superior theory.  *See Monell v. Department
of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  "'A[n
individual government] defendant in a civil rights action must have personal involvement
in the alleged wrongdoing; liability cannot be predicated solely on the operation of
respondeat superior.'"  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting
*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Personal involvement can be

4

shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 Fed. Appx. 240 (3d Cir. 2005).

8. In the present case, plaintiff does not associate any of his allegations with any of the foregoing defendants. Hence, it is not clear which defendants, if any, were personally involved or had any supervisory liability for the alleged constitutional deprivations. As a result, the claims lack an arguable basis in law or in fact and the claims against Minner, Danberg, Roberts, and Falasca are dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

9. **State Actor**. The only allegations in the complaint are directed towards Schmid who is an assistant public defender. As alleged by plaintiff, he was a defendant in a criminal action and represented by Schmid for a five month period during preliminary criminal proceedings. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Moore v. Tartler,* 986 F.2d 682, 685 (3d Cir.1993). Public defenders do not act under

5

color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Harmon v. Delaware Secretary of State*, 154 Fed. Appx. 283, 284-85 (3d Cir. 2005). Because public defenders are not considered state actors, plaintiff's claim against Schmid fails under § 1983.

10. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

UNITED STATES DISTRICT JUDGE

6